UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 2:21-CR-68 PPS-JEM |
| ) | |
| MICHAEL A. CHRISTIANSON ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, comes now the United States of America, by Assistant United States Attorneys Jill Koster and Molly Kelley, the defendant, Michael A. Christianson, representing himself *pro se*, and Arlington Foley as court-appointed stand-by counsel for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Michael A. Christianson, can read, write and speak the English language.

2. I have received a copy of the Information charging me with three counts of transporting obscene materials in interstate commerce in violation of Title 18, United States Code, Section 1462, and I have read and discussed it with my stand-by counsel and believe and feel that I understand every accusation made against me in this matter. I have agreed, as set forth in a separate filing with the Court, to waive my right to indictment by a federal

Grand Jury with respect to the charged offenses and to plead guilty to each of count of the Information filed simultaneously herewith.

3. I have told my stand-by counsel the facts and surrounding circumstances as known to me concerning the matters set forth in the Information filed herewith and I believe and feel that my stand-by counsel is fully informed as to all such matters. My stand-by counsel has advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

   a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. As my own *pro se* counsel, I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a

verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the indictment at issue separately.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. As my own *pro se* counsel, I would be able to confront those government witnesses and cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

g. In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the

3

application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after consideration of a pre-sentence investigation report, input from me and counsel for the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, in my *pro se* capacity and upon conferring with my stand-by counsel, entered into an agreement with the United States Attorney's Office as follows:

   a. I will plead guilty to Counts 1, 2, and 3 of the Information charging me with transportation of obscene matters in violation of 18 U.S.C. § 1462, because I am, in fact, guilty of each of those offenses. I also agree to forfeit my interest in the items identified in paragraph 7(f) below and I agree to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with their seizure or forfeiture.

   b. I understand that the statutory maximum penalty I face for my convictions on the charges in Counts 1, 2, and 3 of the Information is a combined sentence of incarceration of up to 25 years (5 years for the first offense and ten years for each subsequent offense, as set forth in 18 U.S.C. § 1462), a fine of up to $750,000 ($250,000 per count), supervised release of up to the remainder of my lifetime, and a special assessment of $300 ($100 per count) which is due and payable at the time of my sentencing hearing.

   c. In exchange for my guilty pleas to the charges in Counts 1, 2, and 3 of the Information, the United States Attorney agrees to move to dismiss, at or immediately following my sentencing hearing in this case, the charges currently pending against me in Case No. 2:19 CR 140. The United States Attorney further agrees not to file any additional charges against me which could be brought based upon my conduct in the Northern District of Indiana and elsewhere

which is related to this criminal investigation and is currently known to the government.

d. The United States Attorney and I have entered into the following agreements which <u>are binding</u> upon the Court pursuant to the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. I understand this means that if the Court refuses to give the sentence outlined below, I <u>will</u> be allowed to withdraw my guilty plea:

   i. The United States Attorney and I agree that, based upon the facts of this case, and with full consideration of any factors to be considered under 18 U.S.C. § 3553(a), a sentence of fifteen (15) years, or 180 months, of incarceration is a fair and reasonable sentence in this case and no grounds exist for an upward or downward departure or variance from that sentence of incarceration.

   ii. The United States of America and I further agree to the imposition of a lifetime term of supervised release following my release from imprisonment.

e. In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level under the U.S. Sentencing Guidelines. However, I understand that the government's obligation to recommend the two-level reduction for acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility. I further understand and accept that, because I did not timely assist authorities in the investigation or prosecution of my own misconduct by timely notifying the U.S. Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the

Court to allocate their resources efficiently, that the government will <u>not</u> be moving at sentencing for me to receive an additional one-level reduction in offense level.

f. I agree to forfeit to the United States the following property which belonged to me: Hewlett Packard Computer Tower S/N 2UA4451DFK; WD 1 TB Drive (damaged) S/N WXD1A889AYHN; Samsung cell phone with black Otterbox case (unlock pattern 74153698); Infinitive 32 GB thumb drive S/N 916607; ZTE Model N818S cellphone S/N 320376148553; all electronic data acquired by the government via search warrant; and miscellaneous notes and books seized from my residence by law enforcement. I acknowledge that each of these items are subject to forfeiture because they constitute property that was used and intended to be used to commit or to promote the commission of the offenses charged in Counts 1, 2, and 3 of the Information. I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2.

g. I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offenses and relevant conduct as well as the full extent of my criminal history.

h. I understand that by pleading guilty, I will once again be required to register as a sex offender upon my release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). I also understand that independent of supervised release, I will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout my life. I understand that I will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

i. The United States Attorney and I agree to recommend that the Court order me to undergo a sex offender evaluation pursuant to 18 U.S.C. § 3552(b) upon my release from prison. I understand that it will be my obligation to secure this evaluation from a qualified mental health professional experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). In this regard, I agree to waive any right to confidentiality and allow the provider conducting

  the psycho-sexual evaluation (and any subsequent treatment) to supply a written report(s) to the United States Probation Department, the Court and the United States Attorney.

 j. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of transporting obscene materials as alleged in Counts 1, 2, and 3 of the Information filed herewith. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts: Between on or about June 22, 2019 and July 2, 2019, I knowingly used a computer connected to the Internet to send, to a publisher in North Carolina, three obscene books I authored. The books are titled: "A Beautiful, Daring, Very Amazing, Barely Naked, Body

Book!"; "Hey Uncle Buck! What is a boy? What is a girl?"; and "Grandpa has a Ding-a-ling (for those who care)."

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my stand-by counsel has done all that any stand-by counsel could do to counsel and assist me in my *pro se* defense, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

Dated: June 15, 2021

 /s/Michael A. Christianson             /s/ Arlington Foley
Michael A. Christianson                 Arlington Foley
*Pro Se* Defendant                      Stand-by Counsel to Defendant

APPROVED:

    TINA L. NOMMAY
    Acting United States Attorney


    By:   /s/ Jill R. Koster
           JILL R. KOSTER


    By:   /s/Molly A. Kelley
           MOLLY A. KELLEY

           Assistant United States Attorneys
           United States Attorney's Office
           5400 Federal Plaza, Suite 1500
           Hammond, IN 46340
           Telephone: 219-937-5500