UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 2:21-cr-68 |
| v. | ) | |
| | ) | 18 U.S.C. § 1462 |
| MICHAEL A. CHRISTIANSON | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Christianson pled guilty to three counts of transporting obscene matters in violation of 18 U.S.C. § 1462, after he authored, and submitted for publication, three children's books that advocate for "naked play" with adults. The books are entitled, "A Beautiful, Daring, Very Amazing, Barely Naked, Body Book!"; "Hey Uncle Buck! What is a boy? What is a girl?"; and "Grandpa Has a Ding-a-ling (for those who care)". They contain photos of children's genitals and children engaged in sexual activity, in an apparent attempt to normalize sexual contact between adults and children.

Defendant Christianson authored these books while a registered sex offender. In 2003, he had been convicted of child molestation in LaPorte County, IN for engaging in a sex act with a 12-year old boy, TK. Since his release from prison, and in his pro se filings with this Court, Defendant Christianson has proclaimed himself to be a "virtuous pedosexual." DE 293. In

1

Defendant Christianson's voluntary interview, he explained:

> "I advocate for naked play now. That's what I do. I want to change the system, to allow me to suck underage penis when I want to."

Defendant Christianson's pedophilia motivated his creation the three obscene children's books charged in the Information.

## Sentencing Recommendation

The government recommends that the Court impose the agreed upon prison sentence of 180 months. Probation has determined the Defendant's statutory sentencing range to be 25 years (300 months), and his U.S. Sentencing Guidelines range to be 235 months to 293 months. (PSR ¶¶60-61). Although the agreed upon sentence of 180 months is below the applicable Guidelines range, it is nevertheless fair and reasonable under the factors set forth under 18 U.S.C. § 3553(a). While Defendant Christianson is a dangerous pedophile, in this case, he is being punished for writing obscene books. These books could have resulted in harm to minors had they been widely disseminated, but the publisher LuLu Press and law enforcement prevented it.

Under these circumstances, a sentence of 180 months is sufficient, but not greater than necessary, to deter pedophiles like Defendant Christianson from similar conduct, and to protect the public. A prison term of 180 months

2

will also provide Defendant Christianson with an opportunity to obtain sex offender treatment and medical care within the Bureau of Prisons.

**Response to Defendant's U.S.S.G. Objections**

Even though the parties have agreed to a binding sentence of 180 months under Federal Rule of Criminal Procedure 11(c)(1)(C), a proper Guidelines calculation is relevant to the Court's consideration of the plea agreement. As set forth below, the Court should overrule the Defendant's two Guidelines-objections and find that both contested enhancements apply.

The "Obscenity" Guideline, U.S.S.G. §2G3.1(c), applies to the charged offenses. It includes a cross-reference to U.S.S.G. §2G2.2, "Trafficking in Material involving the Sexual Exploitation of Minor []" which applies given the sexual content and nature of Defendant Christianson's children's books. Under U.S.S.G. § 2G2.2, Defendant's total offense level after acceptance of responsibility is 36. This includes the application of two contested enhancements:

- § 2G2.2(b)(3)(A), because the offense involved distribution for pecuniary gain: (+5); and
- § 2G2.2(b)(5), because Christianson previously engaged in a pattern of activity involving the sexual abuse of minor TK, (+5).

First, the "pecuniary gain" enhancement applies because Defendant

3

Christianson submitted the books for publication through the online retailer, LuLu Press. Had he wanted to disseminate the materials for free, he could have done so on one of his advocacy websites. Instead, he intended to offer the materials for sale, marking each book with a "copyright." (PSR ¶¶16, 17). The fact that he earned no revenue means that his offense level is increased by no more than 5 levels. U.S.S.G. § 2G2.21(b)(3)(A).

As to the "pattern of abuse" enhancement, Defendant Christianson engaged systematic sexual abuse of a child, TK. Defendant Christianson was finally brought to justice after TK's uncle witnessed the defendant performing oral sex on TK. But Defendant Christianson's sexual assault of TK was not limited to this one occasion. TK recently told the FBI that his mother had unwittingly handed custody over to Defendant Christianson, thus enabling Defendant Christianson to continuously victimize TK for years. PSR ¶ 18. This conduct triggers U.S.S.G. § 2G2.2(b)(5), which provides that "[i]f the defendant engaged in a *pattern of activity* involving the *sexual abuse* or exploitation of a minor, increase by 5 levels." A "*pattern of activity involving the sexual abuse or exploitation of a minor*" is defined as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense[]". And "*sexual abuse or exploitation*" is defined

4

as conduct punishable under federal and state laws that criminalize sexual assault of children.

Contrary to Defendant's objection, this enhancement applies where the offense of conviction involved trafficking in material depicting the sexual exploitation of minors. In fact, this enhancement can cover child sex abuse conduct unrelated to the offense of conviction, even where the pattern of sexual abuse occurred many years in the past. *United States v. Tennison*, 445 Fed. Appx. 876 (7th Cir. 2011) (applying enhancement when sentencing defendant for transportation of child pornography where defendant had a 1972 conviction for child sexual assault); *United States v. Gunderson*, 214 Fed.Appx. 601 (7th Cir. 2003) (applying enhancement in possession of child pornography case where defendant had a prior conviction for sex with a minor); *United States v. Lunsford*, 214 F. App'x 601, 603-604 (7th Cir. 2007) (applying enhancement over defense objection that the conduct was old and unrelated to the charges.). Moreover, the enhancement applies when calculating the total offense level, even where the same conduct is used to calculate a defendant's criminal history score. *Id.*; U.S.S.G. § 2G2.2, Application Note 5.

**Supervised Release**

The PSR identifies an error in the plea agreement. As written, the plea agreement incorrectly provides for a lifetime term of supervised release, which

5

is beyond the statutory maximum for obscenity offenses. The Court may impose a term of supervised release of not more than three years per count. 18 U.S.C. § 3583(b)(2); USSG §5D1.2(a)(2). (PSR ¶¶63,64). Accordingly, the government requests that the Court strike the erroneous plea agreement paragraphs 7(b) and 7(d)(ii), and instead impose a term of supervised release of 3 years. This change to the plea agreement inures to the defendant's benefit, and corrects a harmless error. Fed. R. Crim. P. 11(h).

## Conclusion

The government respectfully requests that the Court impose the agreed upon prison term of 180 months and a term of 3 years of supervised release.

Respectfully Submitted,

TINA L. NOMMAY
ACTING UNITED STATES ATTORNEY

By: /s/ *Molly Kelley*
Molly Kelley
Assistant United States Attorney
United States Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Telephone: (219) 937-5500
Facsimile: (219) 852-2770
E-mail: Molly.Kelley2@usdoj.gov

6