UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA | |
| V. | CASE NO: 2:21-CR-68 |
| MICHAEL CHRISTIANSON | |

## SENTENCING MEMORANDUM

The Defendant, Michael Christianson, respectfully submits this Sentencing Memorandum and requests the Court to consider same in imposing a just sentence.

### Introduction

The Defendant, Michael Christianson, pursuant to a Plea Agreement, pleaded guilty to 3 counts of <u>Transportation of Obscene Matters</u> in violation of 18 U.S.C. § 1462.

The Plea Agreement references the fact that the parties agree that a sentence of 15 years of incarceration is fair and reasonable.

### Applicable Law and Sentencing Considerations

According to several decisions of the United States Supreme Court, the Sentencing guidelines are "merely advisory" and the sentencing court is not required to apply the Guidelines in determining the appropriate sentences. <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>Rita v. United States</u>, 551 U.S. 338 (2007). The Court, imposing the sentence may not presume that the Guideline range is reasonable. <u>Gall v. United States</u>, 552 U.S. 128 (2007); <u>Nelson v. United States</u>, 129 S.Ct. 890 (2009).

18 U.S.C. § 3553(a) provides, in part, that the Court, in imposing a sentence, must consider the following factors:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed

    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. To afford adequate deterrence to criminal conduct;

    c. To protect the public from further crimes of the defendant; and

    d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The kinds of sentence and the sentencing range established for-

5. Any pertinent policy statement-

6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)

The sentencing court shall impose a sentence within the parameters of 18 U.S.C. § 3553(a)(4) unless the Court finds that there exists aggravating or "…mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different than that described." 18 U.S.C. § 3553(b)(1); which is also codified in the United States Sentencing Guidelines U.S.S.G. § 5K2.0.

### History of the Defendant, Michael Christianson

Michael Christianson was born on March 15th, 1969 and is 52 years old. He was born in Utah, moved to Maryland and then to Charleston, South Carolina. While a high school student, Michael Christianson was a certified volunteer firefighter with the Hanahan, South Carolina Fire Department from 1985 to 1986.

On December 12th, 1986, the Defendant joined the South Carolina Army National Guard until April 3rd, 1990 when he received an Honorable Discharge. He then became a U.S. Army Paratrooper. He served in that capacity from April 3rd, 1990 until August of 1998. Four years of that time he served with the highly regarded 82nd Airborne. He continued to serve in a variety of capacities in the U.S. Army until 2002 when he received an "other than Honorable Discharge".

While Christianson was incarcerated in the State of Indiana Department of Correction, he worked at several jobs, i.e.; in the kitchen, in the library, in sanitation, in sewing and in braille. While incarcerated, Michael Christianson took full responsibility for his past actions. He entered and completed two Sex Offender Monitoring Management Programs (S.O.M.M. #1 and S.O.M.M. #2). He completed 160 hours total and volunteered an additional 15 hours until his release on October 16th, 2016.

Also, while he was incarcerated, Christianson voluntarily sought mental health treatment for P.T.S.D. He suffered from P.T.S.D. as the result of him being in three hostile fire zones; 1992 in Somalia, 1996 in Haiti, and in Bosnia. Additionally, he was treated for P.T.S.D./Paranoid Personality Disorder which was attributed to a multitude of concussions that he experienced.

The Defendant studied Civil Tort and Constitutional law in prison. He filed and successfully prosecuted many civil rights cases on behalf of his fellow inmates. He also belonged to and was an active member of Citizens United for the Rehabilitation of Errants (C.U.R.E.) for 4 years.

At the Miami Correctional Institution, he studied braille transcription and was certified by the Library of Congress in Literary Braille in 2011 and in science, math and biology Braille in 2016. He became the lead Braille transcriber at Miami.

After his release, he joined American Legion Post 555. Due to the length of his incarceration, he initially became homeless after exiting prison. However, through hard work and perseverance, he was able to get a job and get an apartment within six months. He was also able to purchase his first house while he was out of prison.

One job was in the field of Braille, where he was doing transcriptions through his company, "Kindness 360, Inc.", for grades pre-k through college. After being out of prison for approximately one year, Christianson began teaching homeless veterans how to transcribe Braille. He also transcribed pre K- 3rd grade "picture books" into Braille. His company, "Kindness 360, Inc.", also encouraged people to post acts of kindness on its Public Service Blog. He also was employed at Protect Plus, a filter manufacturer.

According to the Defendant, he was awarded the President's Service Award in 2019 and was authorized to Award Bronze level Service Awards, although he never had the opportunity due to his arrest and detention in this case.

Michel Christianson relates that he volunteered and helped to maintain the Quaker Cemetery in LaPorte, Indiana and provided his help and assistance to Lisa Pierzakowski,

Center Township Trustee, LaPorte County, Indiana and helped in her election campaign.

He also assisted Harrison Holtkant with Interface Community PADS which provides assistance to homeless shelters in the Michigan City area. Michael Christianson additionally helped Claudette Harrison in providing clothing to the homeless.

Michael Christianson claims to have received an Associates Degree, while in prison, in General Studies/ Business Administration. He also received a 1 year certificate in Business Administration from Ivy Tech. According to the Defendant, he co-founded Saint Sebastian University which was/is a "Cyber School". The purpose and goal of the University was to award honorary degrees to inmates, who have a Catholic background, and who are successful in at least two civil rights litigations, which is a public service to the inmates. Michael Christianson was awarded the first such degree.

Michael Christianson claim that, after his release from prison, he registered, as required, as a sex offender and attended all of his probation meetings.

Michael Christianson is an animal lover and had two cats, which he lost due to his arrest.

The above factual assertions, contained herein, were almost entirely obtained from the Defendant, Michael Christianson, and, for the most part, have not been substantiated.

RESPECTFULLY SUBMITTED: _____

Arlington J. Foley Sr.
Attorney for Defendant
Attorney No: 6905-45
1942 North Main Street
Crown Point, IN 46307
Tel: (219) 661-1200
Fax: (219) 661-1205
ArlingtonFoley@att.net

## CERTIFICATE OF SERVICE

I certify that on November 12, 2021 service of a true and complete copy of the above and foregoing pleading or paper was made upon each party or attorney of record herein by the electronic case filing system (ECF).

By: _____
Arlington J. Foley, Sr.
Attorney at Law